**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED BY _____ D.C.

97 OCT -8 AM 10: 09

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MEDCO, INC., and MARK R. BLACHER, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| THE HI LILY COMPANY, and | ) |
| NATIONWIDE HEALTH SERVICES, INC., | ) |
| | ) |
| Relief | ) |
| Defendants. | ) |

CASE NO. 97-7246

CIV-RYSKAMP

COMPLAINT FOR MAGISTRATE JUDGE
INJUNCTIVE AND        VITUNAC
OTHER RELIEF

Plaintiff, Securities and Exchange Commission ("Commission") alleges that:

**INTRODUCTION**

1.    The Commission brings this action to restrain and enjoin Defendants from continuing to violate the federal securities laws in connection with their ongoing, fraudulent offer and sale of unregistered securities in the form of promissory notes.  Unless immediately restrained and enjoined, Defendants will continue to defraud the investing public and place investor funds at serious risk of diversion and theft.

**DEFENDANTS**

2.    Defendant Medco, Inc. ("Medco") is a South Dakota corporation incorporated in August 1996, with principal offices located at 2881 East Oakland Park Boulevard, Suite 100, Ft. Lauderdale, Florida.

3.    Defendant Mark R. Blacher ("Blacher") is forty-nine years old and is the president of Medco.

## RELIEF DEFENDANTS

4.    Relief Defendant, The Hi Lily Company ("Hi Lily"), has been a Florida corporation since February 1995.  Hi Lily, incorporated by Blacher, has received at least $319,515.00 in investor funds from Medco.

5.    Relief Defendant, Nationwide Health Services, Inc. ("Nationwide"), also incorporated by Blacher, has been a Florida corporation since February 1997, and lists as its address Medco's former business address in Ft. Lauderdale, Florida.  Nationwide has received at least $1,020,781.00 in investor funds from Medco.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d) and 77v(a), and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d), 78u(e) and 78aa.

7.    Certain of the acts and transactions constituting violations of the Securities Act and the Exchange Act have occurred within the Southern District of Florida.  The principal offices of Defendant Medco is located within the Southern District of Florida.  Defendant Blacher resides in the Southern District of Florida.  Defendants have engaged in many of the acts and practices complained of herein within the Southern District of Florida.

2

8.    Defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, and the mails, in connection with the acts, practices, and courses of business complained of herein.

## THE FRAUDULENT SCHEME

### Background

9.    Medco is engaged in the business of leasing out medical equipment to individuals and corporations.  Under its financing program, Medco raises capital from investors representing that it will be used to purchase a particular piece or pieces of medical equipment which will serve as collateral for the investment. According to Medco, the medical equipment is worth twice the investor's principal investment, i.e., the equipment has a 50% loan to value ratio.  Medco provides the investor a lien on the medical equipment through a security agreement and a Uniform Commercial Code 1 ("UCC 1") filing, and also provides the investor a pledge of personal property.  The investor is also named as a co-loss payee under an insurance policy insuring the medical equipment.

10.    After purchasing the medical equipment, Medco then purportedly leases it to individuals and corporations.   The revenues generated from these leases are used to repay the principal and interest on the investor notes.

11.    In the event Medco defaults on the promissory note, the investor is purportedly protected in two ways: (a) the investor

**3**

is entitled to receive the lease payments directly from the lessee of the medical equipment and, in the event of default by the lessee, (b) the investor can foreclose upon the medical equipment.

## Medco's Offering

12. Since approximately August 1996, Medco has been offering and selling securities to the general public in the form of promissory notes. Medco has raised over $16 million from approximately 400 investors nationwide. Medco promises investors returns of between 12% and 16% per annum depending upon the maturity of the note and the amount invested. A one year note, which requires an investment of less than $50,000, returns 12%, a two year note, which requires an investment of between $50,000 and $99,000, returns 14%, and a three year note, which requires an investment of more than $100,000, returns 16%. Interest is paid monthly during the note's term and there is no minimum or maximum investment. Medco, at its discretion, will pay an investor's surrender charges on an annuity or similar instrument if liquidated and invested in Medco.

13. Medco's notes are offered and sold to the general public through a number of independent sales agents. Medco pays its sales agents a 6% commission on the investor's principal investment and does not require that the sales agents have securities licenses. Medco also touts its investment through advertisements in newspapers across the nation and through its web page located on the Internet.

4

14.   Medco's promissory notes are securities as defined by Section 2(1) of the Securities Act, 15 U.S.C. § 77b(1), and Section 3(a)(10) of the Exchange Act, 15 U.S.C. § 78c(10).  No registration statement has been filed or is in effect with the Commission in connection with the securities offered by Medco.

### Medco's Offering Documents

15.   Medco's offering materials represent to investors that their funds are secured and collateralized by medical equipment, the value of which is twice that of the investor's principal investment.  In the offering materials, potential customers are told that Medco's investment program is a "secure, high-yield alternative" to bank certificates of deposit and annuities. Medco's offering materials also boast that Medco has "created one of the safest, highest-yield fixed income programs in the world."

16.   The purported safety and security of the investment is verbally reinforced to investors by Medco's sales agents.  As in the offering materials, Medco's sales agents verbally tell investors that their funds are fully secured by the value of the medical equipment and the income streams produced by the leasing of the medical equipment.

17.   Medco's offering materials tout Blacher's background and his "successful career in the brokerage industry."  The offering materials represent that Blacher is a New York University law school graduate, worked for Merrill Lynch and Allen and Company, is on the board of directors of Holy Cross

Hospital and was an investment advisor to "numerous, privately and publicly traded companies."

18. Medco's web page states that Medco has been in business for sixteen (16) years.

19. Medco's offering materials also state that medical equipment lending is the "only" business in which Medco is engaged, and direct investors to send their funds to "Medco, Inc. Trust Account", located at First Union National Bank.

### Role of Blacher

20. Blacher, as president and sole shareholder of Medco, manages the day-to-day affairs of the company. Blacher has direct contact with investors as well as with Medco's sales agents. Blacher has solicited at least one prospective investor by telephone and has communicated with investors in writing. Blacher recruits sales agents, provides them with Medco's offering materials and other promotional materials, touts his background to them and conducts training seminars. Blacher signs the medical equipment lease agreements on behalf of Medco and has signature authority over Medco's bank accounts, including its "Trust Account."

### Material Misrepresentations and Omissions in Connection with the Offer and Sale of Medco's Notes

### Fictitious Leasing of Medical Equipment

21. Medco's representations to investors that it is leasing all of the medical equipment it has allegedly purchased is false. Medco, in documents responsive to a subpoena issued to it by the Florida Department of Banking and Financing ("Florida Department

of Banking"), claimed that it had used approximately $8 million
of investor funds to purchase medical equipment, which is
purportedly being leased to seventeen entities throughout the
nation.  Seven of these entities have never leased any medical
equipment from Medco.  These seven entities account for over $3.8
million in investor funds which are thus completely unsecured.
The remaining ten lessees account for investor funds totaling
$3.9 million.  The equipment actually being leased by these ten
lessees is worth only $423,000, leaving approximately $3.5
million in investor funds under-secured.

22.  One purported lessee, Southern Coastal Medical
Equipment Rentals, Inc. ("Southern Coastal"), which Medco claims
is leasing medical equipment purchased with over $1.6 million of
investor funds, does not even exist.  Blacher incorporated
Southern Coastal a mere two days before Medco produced documents
to the Florida Department of Banking reflecting that Southern
Coastal is leasing seventeen pieces of high-priced medical
equipment.  Southern Coastal's corporate records reflect that its
business address is that of Medco's.  In Medco's responsive
documents to the Florida Department of Banking's subpoena,
however, Medco provided a different business address for Southern
Coastal located in Broward County, Florida.  That business
address is an empty store-front with a "for rent" sign located in
a strip shopping mall.  Southern Coastal has no occupational
license or telephone listing in Broward County.

## Overvaluation of the Collateral

23. Medco's representations to investors that they are fully secured are false and misleading because the company has overvalued the medical equipment -- the collateral for investor funds. Investor funds in the Medco program are purportedly secured by the investors' security interest in the medical equipment, the value of which is represented to be twice the value of the investor's principal investment. The aggregate value of the medical equipment securing investor funds is equal only to approximately 60% of the total amount of the relevant promissory notes. Moreover, at least 173 individual investors are under-secured.

## Blacher's Background

24. Medco's offering materials misrepresent and omit material information concerning Blacher's background. Contrary to the representations made in Medco's offering materials, Blacher did not obtain a law degree from New York University, never worked for Merrill Lynch or Allen and Company, was never and currently is not a member of the board of directors of Holy Cross Hospital, and has never been registered as an investment advisor with the Commission. Furthermore, Blacher failed to disclose that he was terminated by a now defunct broker-dealer (Capital Expansion Group, Inc.) in 1986 for falsifying information on his employment application and Form U-4.

25. Blacher has also orally misrepresented his background to sales agents telling them that he worked for Merrill Lynch

8

and, in one case, as an attorney who formerly represented companies which were the subject of investigations by securities regulators.

## Medco's Operating History

26. Medco is misrepresenting its operating history to investors. In its offering materials, Medco states that it has "marshalled its depth of talent and long history in the medical and financial fields to forge one of the most exciting low risk/high return, stable products for the savvy investor." On its web page, Medco represents that it has been in business for sixteen years. In fact, Medco first incorporated in August 1996 and only became licensed to do business in Florida in January 1997. Prior to forming Medco, Blacher had no apparent connection to the medical equipment industry.

27. Medco has also failed to disclose that the states of Texas and California issued administrative actions against it for its fraudulent sale of unregistered securities in those states.

## Medco's "Trust Account"

28. Medco's offering materials represent to investors that their funds will be held in the "Medco, Inc. Trust Account." Medco's "Trust Account" is not a trust or escrow account, but rather is a business checking account over which Blacher has signature authority. Investor funds are not secured and protected as the account name represents, but rather are being used to pay sales commissions, operating expenses and interest to

9

existing investors, and are subject to Medco's creditors and to misappropriation and diversion by Blacher.

### Evidence of a Ponzi Scheme

29.    Medco's bank records reflect that it is engaged in a classic Ponzi scheme.  Medco is simply using new investor monies to repay its existing investors and to pay its operating expenses.  The bank records further reflect that very little of investors' funds are being used to purchase medical equipment; instead, Medco has used significant sums of investor funds for purposes wholly unrelated to Medco's stated business, such as "loans" to companies owned by Blacher, the purchase of aircraft, payment of Blacher's personal IRS debts and investments in an internet gaming company.  In addition, at least $250,000 of investor funds have been wired to a bank in Luxembourg.  Further, the two named relief defendants, incorporated and controlled by Blacher, have received over $1.3 million in investor funds.

### COUNT I

### SALE OF UNREGISTERED SECURITIES IN VIOLATION OF SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT

30.    The Commission repeats and realleges paragraphs 1 through 29 of this Complaint.

31.    No registration statement was filed or in effect with the Commission pursuant to the Securities Act and no exemption from registration exists with respect to the securities and transactions described herein.

32.   Since a date unknown but since at least August 1996 through the present, Defendants Medco and Blacher, directly and indirectly, have, and unless enjoined, will continue to: (a) make use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell securities as described herein, through the use or medium of a prospectus or otherwise; (b) carry securities or cause such securities, as described herein, to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; and/or (c) make use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise, as described herein, without a registration statement having been filed or being in effect with the Commission as to such securities.

33.   By reason of the foregoing, Medco and Blacher, directly and indirectly, have violated, and unless enjoined, will continue to violate Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

### COUNT II

#### FRAUD IN VIOLATION OF
#### SECTION 17(a)(1) OF THE SECURITIES ACT

34.   The Commission repeats and realleges paragraphs 1 through 29 of the Complaint.

35.   Since a date unknown but since at least August 1996 through the present, Defendants Medco and Blacher (as described

11

in paragraphs 1-29), directly and indirectly, by use of the means or instruments of transportation or communication in interstate commerce and by use of the mails, in the offer or sale of securities, as described herein, have been, knowingly, willfully or recklessly employing devices, schemes or artifices to defraud.

36. By reason of the foregoing, Defendants Medco and Blacher, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1).

## COUNT III

### FRAUD IN VIOLATION OF
### SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5

37. The Commission repeats and realleges paragraphs 1 through 29 of its Complaint.

38. Since a date unknown but since at least August 1996 through the present, Defendants Medco and Blacher, directly and indirectly, by use of the means and instrumentality of interstate commerce, and of the mails, and of any facility of any national securities exchange, in connection with the purchase or sale of the securities, as described herein, have been, knowingly, willfully or recklessly: (a) employing devices, schemes or artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or (c) engaging in acts, practices and courses of business which have operated, are

now operating and will operate as a fraud upon the purchasers of such securities.

39.   By reason of the foregoing, Defendants Medco and Blacher, directly or indirectly, have violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240. 10b-5, thereunder.

### COUNT IV

### FRAUD IN VIOLATION OF
### SECTIONS 17(a)(2) AND 17(a)(3) OF THE SECURITIES ACT

40.   The Commission repeats and realleges paragraphs 1 through 29 of its Complaint.

41.   Since a date unknown but since at least August 1996 through the present, Defendants Medco and Blacher, directly and indirectly, by use of the means or instruments of transportation or communication in interstate commerce and by the use of the mails, in the offer or sale of securities, as described herein, have been: (a) obtaining money or property by means of untrue statements of material facts and omissions to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or (b) engaging in transactions, practices and courses of business which are now operating and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities.

42.   By reason of the foregoing, Defendants Medco and Blacher, directly and indirectly, have violated and, unless

enjoined, will continue to violate Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) and 77(q)(a)(3).

### RELIEF REQUESTED

**WHEREFORE,** the Commission respectfully requests that the Court:

### I.

### Declaratory Relief

Declare, determine and find that Defendants Medco and Blacher committed the violations of the federal securities laws alleged herein.

### II.

### Temporary Restraining Order, Preliminary and Permanent Injunctive Relief

Issue a Temporary Restraining Order, a Preliminary Injunction and a Permanent Injunction, restraining and enjoining Defendants Medco and Blacher, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating: (a) Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c); (b) Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a); (c) Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder; and (d) Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) and 77(q)(a)(3).

14

### III.

### Disgorgement

Issue an Order requiring Defendants, Medco and Blacher, and Relief Defendants, Hi Lily and Nationwide, to disgorge all ill-gotten profits or proceeds that they have received as a result of the acts and/or courses of conduct complained of herein, with prejudgment interest.

### IV.

### Penalties

Issue an Order directing Blacher to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78(d)(3).

### V.

### Asset Freeze and Accounting

Issue an Order temporarily freezing the assets of Defendants, Medco and Blacher, and Relief Defendants, Hi Lily and Nationwide, until further Order of the Court, and requiring accountings by Medco, Blacher, Hi Lily and Nationwide.

### VI.

### Appointment of Receiver

Issue an order appointing a Receiver of the assets of Medco to marshall and safeguard all of said assets, and any other duties the Court deems appropriate, and to prepare a report to the Court and the Commission detailing the activities of Medco and Blacher and the whereabouts of investor funds.

## VII.

### **Records Preservation and Expedited Discovery**

Issue an Order requiring Defendants, Medco and Blacher, and Relief Defendants, Hi Lily and Nationwide, to preserve any records related to the subject matter of this lawsuit that are in their custody, possession or subject to their control, and to respond to discovery on an expedited basis.

## VIII.

### **Repatriation of Investor Proceeds**

Issue an Order requiring Defendants, Medco and Blacher, and Relief Defendants, Hi Lily and Nationwide, to take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them or are under their direct or indirect control, jointly or singly, and deposit such funds into the registry of the United States District Court for the Southern District of Florida, and provide the Commission and the Court a written description of the funds and assets so repatriated.

## IX.

### **Further Relief**

Grant such other and further relief as may be necessary and appropriate.

## X.

## Retention of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that may hereby be entered, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Respectfully submitted,

October 8, 1997

Charles V. Senatore
Regional Director
Florida Bar No. 308935

John C. Mattimore
Assistant Regional Director
Florida Bar No. 0396461

Chedly C. Dumornay
Chief, Branch of Enforcement No. 3
Florida Bar No. 0957666

David R. Chase
Senior Counsel
Florida Bar No. 0967970

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
1401 Brickell Avenue, Suite 200
Miami, Florida  33131
Telephone: (305) 982-6363
Facsimile: (305) 536-7465

# CIVIL COVER SHEET

97-7246
CIV-RYSKAMP

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

97 OCT -8 AM 10: 07

MAGISTRATE JUDGE
VITUNAC

## I (a) PLAINTIFFS

SECURITIES AND EXCHANGE COMMISSION

CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

**DEFENDANTS**

MEDCO, INC., and MARK R. BLACHER,

v.                          Defendants.

THE HI LILY COMPANY, and

NATIONWIDE HEALTH SERVICES, INC., Relief Defendan

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT — Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A Broward / 97CV 7246 / KLR / AEV

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Chedly Dumornay (305) 982-6377; David Chase
SEC, 1401 Brickell Ave., Suite 200
Miami, FL 33131

ATTORNEYS (IF KNOWN)
Robert Boehm (305) 372-2400, Kelley, Drye & Warren
201 S. Biscayne Blvd., Suite 2400
Miami, FL 33131

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- [X] 1. U.S. Government
  Plaintiff
- [ ] 2. U.S. Government
  Defendant
- [ ] 3. Federal Question
  (U.S. Government Not a Party)
- [ ] 4. Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   15 U.S.C. §§ 77e(a) and 77e(c); 15 U.S.C. § 77q(a)(1);

15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5; 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3).
Violations of the antifraud and registration provisions of the federal securities laws

**IVa.** 5 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A PERSONAL INJURY / TORTS | B | B FORFEITURE / PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury-Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury-Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc. B |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) B | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending B | [ ] 660 Occupational Safety/Health | B SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits B | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholder's Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | A LABOR | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12USC3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Management Relations B | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | [ ] 730 Labor Management Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | A FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure B | [ ] 442 Employment | Habeas Corpus | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General * | [ ] 791 Employee Ret. Inc. Security Act B | [ ] 871 IRS–Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other * | | | [ ] 890 Other Statutory Actions * |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

- [X] 1. Original Proceeding
- [ ] 2. Removed From State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (Specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A [ ] CLASS ACTION [ ] UNDER F.R.C.P. 23

DEMAND $ TRO, Prel. & Perm.
Inj., Disgorgement, Penalties

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):

JUDGE                          DOCKET NUMBER

DATE 10/8/97

SIGNATURE OF ATTORNEY OF RECORD
Chedly C. Dumornay

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. _____

Amount: _____

M/fp: _____

Date Paid: _____